UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

     v.

ERIC WILLIAMS; DESHAUN
WILLIAMS; MELVIN DARRELL,

          Defendants.

_____

25-CR-170 (JLS) (JJM)

## **DECISION AND ORDER**

Defendants Eric Williams, Deshaun Williams, and Melvin Darrell are charged in a six-count indictment with offenses related to possessing with intent to distribute cocaine, maintaining drug-involved premises, and conspiracy to do the same.[1] *See* Dkt. 1. Each Defendant filed pre-trial motions—both dispositive and non-dispositive—described, as relevant, in more detail below.

United States Magistrate Judge Jeremiah J. McCarthy was designated to hear and determine, and report and recommend on, all pre-trial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B). Dkt. 23. On April 27, 2026, Judge McCarthy issued a Report, Recommendation and Order ("R&R"), addressing all Defendants' pre-trial motions. Dkt. 60. Each Defendant objected, to varying degrees, and the Government responded in opposition.

---

[1] Not each Defendant is charged in each count. *See* Dkt. 1.

## DISCUSSION

### I.    Standards of Review

All Defendants objected to Judge McCarthy's recommendations as to their dispositive suppression motions, and Defendant Deshaun Williams objected to Judge McCarthy's order as to his non-dispositive motion for a bill of particulars. Different standards of review apply to each type of objection.

On dispositive motions, a district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3). A district court must review *de novo* those portions of a magistrate judge's recommendation to which a party objects. 28 U.S.C. § 636(b)(1); 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3). But a district court need not review the recommendation of a magistrate judge to which no party objects. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985).

On the other hand, a district court may reverse a magistrate judge's decision and order on a non-dispositive motion that is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). A finding is "clearly erroneous only if 'although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Atl. Specialty Ins. Co. v. Coastal Env't Grp. Inc.*, 945 F.3d 53, 63 (2d Cir. 2019) (citation modified). A magistrate judge's ruling is "contrary to law" if it fails to apply or misapplies relevant statutes, case law, or rules of procedure. *See, e.g., In re Hulley Enters. Ltd.*, 400 F. Supp. 3d 62, 70 (S.D.N.Y. 2019) (citation modified).

2

The Court applies these standards of review, as applicable, to Defendants' objections.

## II.    Suppression Motions

### A.    Title III Suppression Motions

All Defendants moved to suppress evidence obtained pursuant to March 13, and April 15, 2025 orders authorizing interception of visual, non-verbal conduct and oral communications at two locations in Lockport, New York (the "Title III suppression motions"). *See* Dkt. 42 (Melvin Darrell); Dkt. 43 (Eric Williams); Dkt. 47 (Deshaun Williams). Judge McCarthy recommended denying the Title III suppression motions. *See* Dkt. 60, at 2–9.[2]

All Defendants objected to this recommendation. *See* Dkt. 61, at 5–7 (Melvin Darrell, arguing that the R&R erred in concluding that the Title III application met the necessity requirement); Dkt. 62, at 2–7 (Eric Williams, raising a similar necessity argument, and arguing that the R&R erred in denying a *Franks* hearing based on purported omissions from the Title III application); Dkt. 64, at 4–6 (Deshaun Williams, raising a similar necessity argument, raising a similar *Franks* argument, arguing that the R&R erred in concluding that the Title III authorization orders met the particularity and minimization requirements when the locations were open to the public, and arguing that the R&R did not perform the required Fourth Amendment analysis for the interception of visual, non-verbal conduct). The

---

[2] Page references are to the numbering automatically generated by CM/ECF, which appear in the header of each page.

Government responded to each Defendant's objection.  Dkt. 66 (Eric Williams); Dkt. 67 (Melvin Darrell); Dkt. 68 (Deshaun Williams).  Eric Williams replied.  Dkt. 70.

*De novo* review applies to these objections.[3]  *See* 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3).  This Court carefully reviewed Judge McCarthy's recommendation; the objections, responses, and reply; and the relevant record. Based on that review, the Court accepts and adopts Judge McCarthy's recommendation to deny Defendants' Title III suppression motions.  As to Deshaun Williams's objection regarding the Fourth Amendment analysis for the interception of visual, non-verbal conduct, the Court also notes that the Second Circuit has applied the core requirements for Title III applications to the Fourth Amendment analysis of video surveillance.  *See United States v. Biasucci*, 786 F.2d 504, 510 (2d Cir. 1986); *see also* Dkt. 68, at 17–18.

### B.    Chestnut Street and iPhone Suppression Motion

Deshaun Williams moved to suppress evidence obtained from a search of 118 Chestnut Street and an iPhone that was seized from that location.  *See* Dkt. 47. Judge McCarthy recommended denying this motion to suppress.  Dkt. 60, at 9–10. Deshaun Williams objected,[4] arguing that the R&R improperly denied the motion to

---

[3] The Court recognizes that the parties dispute the relevant standard of review on the Title III suppression recommendation.  *See* Dkt. 67, at 2–3, 10; Dkt. 66, at 15; Dkt. 68, at 15–16.  The Court has reviewed the objections *de novo* and notes that the result would be the same under either standard of review.

[4] Each Defendant moved to join the others' objections.  Dkt. 61, at 7; Dkt. 62, at 7; Dkt. 64, at 9.  To the extent that this objection applies to Melvin Darrell and Eric Williams, the analysis applies to them as well.

suppress for failure to file an affidavit of standing, and that he is entitled to relief on the merits. Dkt. 64, at 7–8. The Government responded. Dkt. 68.

*De novo* review applies to this objection. This Court carefully reviewed Judge McCarthy's recommendation, the objection and response, and the relevant record. Based on that review, the Court accepts and adopts Judge McCarthy's recommendation to deny the Chestnut Street and iPhone suppression motion.

## III. Motion for Bill of Particulars

All Defendants moved for a bill of particulars as to the conspiracy charged in Count 1 of the indictment. *See* Dkt. 42; Dkt. 43; Dkt. 47. Judge McCarthy denied these motions. Dkt. 60, at 10–12. Only Deshaun Williams objected.[5] Dkt. 64, at 8–9. The Government responded. Dkt. 68.

After reviewing Judge McCarthy's order on this non-dispositive motion, the objections, and the relevant record, the Court concludes that the denial was not "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). The Court, therefore, affirms Judge McCarthy's order on this motion.

---

[5] Each Defendant moved to join the others' objections. Dkt. 61, at 7; Dkt. 62, at 7; Dkt. 64, at 9. This analysis applies to Melvin Darrell and Eric Williams as well.

## CONCLUSION

For the reasons above and in the R&R, the Court:

- Accepts and adopts the R&R's recommendations to deny Defendants' suppression motions (Dkt. 60);

- Affirms the R&R's order denying Defendants' motions for a bill of particulars; and

- Resolves the outstanding portions of Defendants' underlying motions (Dkt. 42; Dkt. 43; Dkt. 47), as set forth above.

SO ORDERED.


Dated:       June 17, 2026
             Buffalo, New York

JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE